# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-01832-SEP |
| ) | |
| ERDCC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Joseph Michael Devon Engel's motion for leave to commence this action without prepayment of the required filing fee. Doc. [3]. For the reasons set forth below, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and will therefore assess an initial partial filing fee of $5.62. *See* 28 U.S.C. § 1915(b)(1). Further, upon review of the Complaint, the Court finds that this lawsuit must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Plaintiff is an inmate at Missouri Eastern Correctional Center (MECC). Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* must pay the full filing fee. If the prisoner has insufficient funds in his or her prison account to pay the fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Although Plaintiff did not file a certified inmate account statement in this action, he did file a statement for the relevant period in another case. *Engel v. Corizon*, 4:20-cv-01695-NAB (E.D. Mo. filed Jan. 8, 2021), Doc. [11]. The Court relies on that account statement to calculate Plaintiff's initial partial filing fee here. That account statement indicates an average monthly

deposit of $28.11 and an average monthly balance of $0.04.  The Court therefore finds that Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of 20 percent of Plaintiff's average monthly deposit:  $5.62.

## The Complaint

Plaintiff, a self-professed "sovereign citizen," is a self-represented litigant incarcerated at MECC in Pacific, Missouri.  When this case was filed, Plaintiff was an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri.  The instant Complaint is one of more than 130 putative civil rights lawsuits Plaintiff has recently filed in this Court pursuant to 42 U.S.C. § 1983.  Plaintiff submits his pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action.  Plaintiff's other pleadings and claims for damages are similar to those in the instant action.

In his dozens of complaints, Plaintiff repeatedly alleges that his civil rights have been violated by Defendants and other state and local entities and officials, often seeking unusual and extreme damages.  As of December 21, 2020, three of Plaintiff's actions had been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See Engel v. Governor of Missouri*, 2020 WL 7353704 (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America*, 2020 WL 7480561 (E.D. Mo. Dec. 18, 2020); *Engel v. Missouri Courts*, 2020 WL 7493195 (E.D. Mo. Dec. 21, 2020).  Because this case was filed on December 17, 2020, prior to the third of those cases, it is not barred by 28 U.S.C. § 1915(g), which prohibits a prisoner who has had three actions dismissed on such grounds from proceeding without prepayment of fees and costs unless he is "under imminent danger of serious injury."  The Court therefore considers the Complaint on its merits.

Plaintiff's handwritten two-page Complaint lists the following Defendants, in most cases by job title only:  ERDCC; CO1; Sergeant; Lieutenant; Corporal; Captain; Caseworker; Caseworker; FUM; Superintendent; Assist Superintendent; Religious Service; Chaplin; Feller; Assist Warden; Warden; Corizon; Corizon Assist Director; Corizon Director; R.N. Corizon; L.P.N. Corizon; C.N.A. Corizon; Chronic Care Nurse Corizon; Assist Att General; Att General; Lt. Governor; Missouri Senator; Missouri Senator; and House Rep Missouri.  He purports to bring claims against Defendants in their official and individual capacities.

Plaintiff's allegations, without alteration, are as follows:

> I am writing this in regards to still not getting none of my religious martiel at all since Aug 13, 2020. I am Astru/Odinism/Catholicism. It runs hand in hand with Astru/Odinism. Against 1st Adminment. Been on a Hunger Strick for 2 days now.

Doc. [1] at 2. The Court assumes that "religious martiel" means "religious materials." Plaintiff provides no additional facts, such as what materials he requested or who withheld them.

For relief, Plaintiff requests a separate, apparently arbitrary amount from each Defendant, spanning from "100 Million" to "60 Billion" dollars. *Id.* at 2. For example, Plaintiff seeks "3 Billion" from the Chaplin, "700 Million" from an unnamed caseworker, "6 Billion" from the Warden, and "2 Billion" from Religious Services. Plaintiff also requests that Defendants pay "300 Million to all small church[e]s all over Missouri," "300 Million to the Astru/Odin Religion," and "1 Million" to a list of individuals unrelated to this action. Plaintiff also requests that smoking be permitted in the Missouri Department of Corrections.

## Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed *in forma pauperis* if it is malicious. An action is malicious for the purposes of that statute when it is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." *Cooper v. Wood*, 1997 WL 177458 (8th Cir. 1997) (quoting *Horsey v. Asher*, 741 F.2d 209, 213 (8th Cir. 1984)) (unpublished opinion). To determine whether an action is malicious, courts "must 'engage in a subjective inquiry into the litigant's motivations at the time of filing of the lawsuit to determine whether the action is an attempt to vex, injury or harass the defendant.'" *Rosier v. United States*, 736 Fed. App'x 313, 315 (3d Cir. 2018) (quoting *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995)). When determining whether an action is malicious, a court may consider past litigious conduct. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

Having reviewed the Complaint in the context of Plaintiff's litigation history, the Court concludes that this lawsuit should be dismissed as malicious. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's aggressive campaign of more than 130 spurious lawsuits has made clear that his intent is to harass, rather than to vindicate cognizable rights. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. Mar. 19, 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). His complaints have been characterized by outlandish demands and unsupported allegations, many of them against the same governmental entities or employees of those entities. This Court has found many of Mr. Engel's lawsuits to be subject to dismissal on grounds of maliciousness. *See, e.g.*, *Engel v. Probation & Parole of Missouri*, 2020 WL 7624831 (E.D. Mo. Dec. 22, 2020); *Engel v.*

*Missouri*, 2021 WL 228935 (E.D. Mo. Jan. 21, 2021); *Engel v. Corizon*, 2021 WL 949636 (E.D. Mo. Mar. 11, 2021); *Engel v. ERDCC*, 2021 WL 1059017 (E.D. Mo. Mar. 18, 2021). Together with Mr. Engel's many other similar actions, this lawsuit is "plainly part of a longstanding pattern of abusive and repetitious litigation." *Horsey*, 741 F.2d at 213.

Also like Mr. Engel's other lawsuits, the instant Complaint suffers from additional defects that could warrant dismissal under § 1915(e)(2)(B)'s other provisions. Because maliciousness is sufficient grounds for dismissal, the Court does not reach those alternative bases for dismissing Plaintiff's claims.

Considering Plaintiff's abusive litigation practices and the character of the instant Complaint, the Court concludes that it would be futile to permit Plaintiff leave to file an amended complaint in this action.

Plaintiff's Complaint included a request for the appointment of counsel. Doc. [1] at 1. That request will be denied as moot in light of the dismissal of this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. [3]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $5.62 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's request for appointment of counsel is **DENIED as moot**.

**IT IS FINALLY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

Dated this 9th day of July, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE